[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14910
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2010
JOHN LEY
CLERK

D. C. Docket No. 90-00145-CR-1-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN JAMES STARKS,
a.k.a. Big Al,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 29, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Allen James Starks, a federal prisoner convicted of a crack cocaine offense,

appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. After review, we affirm.[1]

Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1)-(2). Starks's § 3582(c)(2) motion is based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to most crack cocaine offenses. See U.S.S.G. app. C, amends. 706, 713.

Here, the district court denied Starks's § 3582(c)(2) motion after concluding that Amendment 706 was inapplicable to Starks. The district court based this conclusion on the erroneous belief that Starks's offense involved powder cocaine, not crack cocaine. In fact, a jury convicted Starks of conspiracy to possess with intent to distribute both powder and crack cocaine.[2]

---

[1]We "review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Even if a district court errs during § 3582(c)(2) proceedings, we will affirm if the error is harmless. See Fed. R. Crim. P. 52(a); United States v. Jackson, 613 F.3d 1305, 1310 n.7 (11th Cir. 2010).

[2]Starks was the leader of a very large crack cocaine distribution ring in Montgomery, Alabama that purchased powder cocaine and converted it to crack cocaine for distribution in Alabama, Florida, Georgia and Mississippi. In addition to his drug conspiracy conviction (count one), the jury found Starks guilty of structuring financial transactions to avoid reporting requirements (count three) and money laundering (counts four and five). Starks received a life sentence on count one, a concurrent 60-month sentence on count three and concurrent 240-

2

The district court's error appears to stem from the fact that the Presentence Investigation Report ("PSI") converted the crack cocaine quantities into powder cocaine equivalents (using a 100 to 1 ratio) to calculate Starks's guidelines range. At sentencing, the district court found that Starks was directly involved with over 10,400 kilograms of powder cocaine based on trial testimony from a co-conspirator to whom Starks had distributed a total of 104 kilograms of crack cocaine. Although the district court's basis for denying Starks's § 3582(c)(2) motion was error, that error was harmless because, even though Amendment 706 applied to Starks's crack cocaine offense, the district court nonetheless lacked authority to modify Starks's sentence.

At Starks's sentencing, the district court assigned Starks a base offense level of 42 based on the Drug Quantity Table. See U.S.S.G. § 2D1.1(c)(1) (1991) (providing for an offense level of 42 for a drug quantity of "1500 KG or more" of powder cocaine or "15 KG or more" of crack cocaine). However, after offense level adjustments for his leadership role (four levels) and obstruction of justice (two levels), Starks's total offense level was 48. Because then, as now, the highest offense level in the Sentencing Table is 43, the Sentencing Guidelines instructed that any offense level above 43 was treated as an offense level 43. See U.S.S.G.

_____

month sentences on counts four and five.

ch. 5, pt. A, n.2 (1991). With a criminal history category of II and a total offense level of 43, Starks's guidelines range was life imprisonment.

After Amendment 706, Starks's applicable base offense level was lowered to level 38. See U.S.S.G. § 2D1.1(c)(1) (2009) (providing for a base offense level of 38 for an offense involving "150 KG or more" of powder cocaine or "4.5 KG or more" of crack cocaine). Leaving all of Starks's other guidelines calculations intact, his total offense level was lowered to 44, which is treated as level 43, and yields the same guidelines range of life imprisonment. See U.S.S.G. ch. 5, pt. A, Sentencing Table (2009). Because Starks's amended guidelines range would be the same as his original guidelines range, the district court lacked the authority under § 3582(c)(2) to reduce Starks's sentence. See U.S.S.G. § 1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not authorized if an amendment does not lower the applicable guidelines range; see also United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009).

Starks's § 3582(c)(2) motion also cited Amendment 591, which, in relevant part, amended the commentary to U.S.S.G. § 2D1.2. Section 2D1.2 provides base offense levels for offenses occurring in protected locations or involving minors or pregnant individuals. See U.S.S.G. § 2D1.2. Amendment 591 clarified that § 2D1.2 applied only if the defendant is convicted of an offense "referenced to" §

4

2D1.2 and not upon a judicial finding that the defendant was involved in such conduct. U.S.S.G. app. C, amend. 591; see also United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).

We find no merit to Starks's argument that the district court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc) by failing to address explicitly whether Amendment 591 authorized a sentence reduction. We have never applied Clisby outside the habeas context. See Clisby, 960 F.3d at 936 (barring the district court's piecemeal resolution of claims raised in a § 2255 motion). Furthermore, Amendment 591 is inapplicable because Starks's offense level was not calculated using U.S.S.G. § 2D1.2. See Moreno, 421 F.3d at 1219. Thus, Amendment 591 provided no basis for reducing Starks's sentence.[3]

**AFFIRMED.**

---

[3]To the extent Starks was attempting to challenge the district court's original sentencing determinations as to his relevant conduct, such claims are outside the scope of his § 3582(c)(2) motion. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that, with the exception of the particular guideline changed by the amendment, all original sentencing determinations remain unchanged).