[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15956
Non-Argument Calendar

_____

D.C. Docket No. 5:12-cv-00305-JSM-PRL

ALLEN JAMES STARKS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN-USP I,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 19, 2013)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Allen Starks, proceeding pro se, appeals the district court's dismissal of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. After review of the record and the parties' arguments, we affirm.

I.

The availability of habeas relief under 28 U.S.C. § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). "[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotation marks omitted). A federal prisoner must ordinarily bring any collateral attacks on the validity of his conviction or sentence under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Once a federal prisoner has filed a § 2255 motion, as Starks has, he may file a second or successive § 2255 motion only in two very limited circumstances that do not apply here. See 28 U.S.C. § 2255(h). Separately, the "savings clause" of § 2255(e) permits a federal prisoner to file a habeas petition pursuant to § 2241 when the remedy by § 2255 motion "is inadequate or ineffective to test the legality of his detention." Id. §§ 2241(a), 2255(e). However, one of the minimum requirements of a § 2241 claim is that it "must be based upon a retroactively applicable Supreme Court decision." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013).

II.

Starks is a prisoner at the Coleman Federal Correctional Complex in the Middle District of Florida.  In 1991, a federal jury in the Southern District of Alabama found Starks guilty of conspiracy to possess cocaine and cocaine base with the intent to distribute (count one), structuring financial transactions to avoid reporting requirements (count three), and money laundering (counts four and five). Count one of the superseding indictment charged that Starks had conspired to possess with the intent to distribute "more than five (5) kilograms of cocaine and more than fifty (50) grams of a mixture and substance containing a detectable amount of cocaine which contains cocaine base" in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Starks received a life sentence on count one, a concurrent 60-month sentence on count three, and concurrent 240-month sentences on counts four and five.  We focus on count one because of its relevance to Starks's § 2241 petition.

Starks unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court in 2001.[1]  Starks v. United States, No. 01-480 (S.D. Ala. filed June 28, 2001); id. (Order filed Aug. 21, 2001).  In his current § 2241 petition, Starks argues that he is actually innocent of violating 21 U.S.C.

_____

[1] Starks also sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, but because of his drug quantity level, together with his leadership role and obstruction of justice enhancements, this amendment did not change his guideline range of life imprisonment. United States v. Starks, 409 F. App'x 264, 265–66 (11th Cir. 2010).  He was therefore not entitled to relief on account of Amendment 706.

§ 841(b)(1)(A) and that his life sentence exceeds the 20-year statutory maximum authorized by Congress for a violation of § 841(b)(1)(C).  In support of his argument that he is entitled to file a § 2241 petition, Starks relies on two Supreme Court cases, DePierre v. United States, ___ U.S. ___, 131 S. Ct. 2225 (2011), and United States v. O'Brien, 560 U.S. 218, 130 S. Ct. 2169 (2010).   After briefing, the district court dismissed Starks's § 2241 petition because these cases are not retroactively applicable and do not render Starks actually innocent of his offense.

III.

Because Starks misinterprets the holding of DePierre, and because neither DePierre nor O'Brien apply retroactively, he is not entitled to relief under § 2241. First, in DePierre, the Supreme Court held that "the term 'cocaine base' as used in [21 U.S.C.] § 841(b)(1), means not just crack cocaine, but cocaine in its chemically basic form."  131 S. Ct. at 2237.   Based on DePierre's interpretation of the term "cocaine base," Starks asserts he was convicted and sentenced for a non-existent substance and thus for conduct that did not constitute a crime.  Starks relies on the phrasing in his indictment that charged him with possessing with intent to distribute "more than five (5) kilograms of cocaine and more than fifty (50) grams of a mixture and substance containing a detectable amount of cocaine which contains cocaine base."

4

Even assuming that DePierre applies retroactively, we cannot say that DePierre shows that Starks was convicted for a non-existent substance or offense. Contrary to Starks's contentions, DePierre did not narrow the interpretation of § 841(b)(1)(A), but instead held that "cocaine base" includes not only "crack cocaine," but all cocaine in its chemically basic form. DePierre, 131 S. Ct. at 2237. For that reason, DePierre did not decriminalize Starks's conduct and the language in Starks's indictment still falls within the definition established in DePierre, as well as the relevant federal drug statutes. See 21 U.S.C. § 841(b)(1)(A)(ii)(II) ("cocaine"); id. § 841(b)(1)(A)(iii) ("mixture or substance described in clause [§ 841(b)(1)(A)](ii) which contains cocaine base").

Second, to the extent Starks is making a claim based on the reasoning in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), such claims are not retroactive. Starks argues that he is "actually innocent" of the sentence enhancement in 21 U.S.C. § 841(b)(1)(A)(ii) and (iii), because his jury did not find the type and quantity of controlled substances in his offense. To make this argument, he relies on DePierre, O'Brien and Alleyne v. United States, ___ U.S. ___, ___, 133 S. Ct. 2151, 2155 (2013) (applying rule in Apprendi v. New Jersey and holding "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury").

Although the jury found Starks "GUILTY as charged in Count 1 of the indictment," the jury was specifically instructed that "[t]he evidence in this case need not establish that the amount or quantity of cocaine was as alleged in the indictment[, b]ut only that a measureable amount of cocaine was . . . the subject of the acts charged in the indictment."  In light of the language of the indictment and the district court's instructions, it is evident that the jury was required to find drug type, but not drug quantity.  Under current law, established since Apprendi was decided in 2000, this is constitutional error.  See United States v. Sanders, 668 F.3d 1298, 1309 (11th Cir. 2012) ("[T]he enhanced statutory maximum penalties in § 841(b) cannot apply unless the jury determines the drug type and quantity involved in the overall drug conspiracy offense.").

The problem for Starks is that his argument about the jury's failure to find drug quantity is at its core based on Apprendi.  Apprendi established that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S. Ct. at 2362–63.  In light of Apprendi, we held that it is constitutional error to increase a defendant's sentence based on drug quantity beyond the 20-year statutory maximum in 21 U.S.C. § 841(b)(1)(C) unless it is submitted to a jury and proven beyond a reasonable doubt.  United States v. Sanchez, 269 F.3d 1250, 1270 (11th Cir. 2001) (en banc).

But we have also held that the <u>Apprendi</u> rule does not apply retroactively.  <u>See</u> <u>Dohrmann v. United States</u>, 442 F.3d 1279, 1281–82 (11th Cir. 2006); <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001) ("[W]e hold that the new constitutional rule of criminal procedure announced in <u>Apprendi</u> does not apply retroactively on collateral review.").

The decisions in <u>Alleyne</u> and <u>O'Brien</u> are based on <u>Apprendi</u>.  <u>See</u> <u>Alleyne</u>, 133 S. Ct. at 2155 (holding that the distinction between "facts that increase the statutory maximum and facts that increase only the mandatory minimum . . . is inconsistent with . . . <u>Apprendi</u>"); <u>O'Brien</u>, 560 U.S. at 224, 235 130 S. Ct. at 2174–75, 2180 (applying <u>Apprendi</u> rule and holding that whether firearm was a "machinegun" under the federal firearms statute, 18 U.S.C. § 924(c)(1)(B)(ii), is an element of the offense that must be proved to a jury beyond a reasonable doubt).  Consequently, Starks, whose conviction became final long before <u>Apprendi</u>, <u>Alleyne</u>, and <u>O'Brien</u> were decided, cannot now collaterally challenge his conviction based on his jury's failure to find drug quantity, because the holding in <u>Apprendi</u> does not apply retroactively.

For these reasons, we find that the district court did not err by dismissing Starks's § 2241 petition.

**AFFIRMED.**

7