[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  13-12692
Non-Argument Calendar

_____

D.C. Docket No. 1:90-cr-00145-CB-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALLEN STARKS,
a.k.a. Big Al,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 28, 2014)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

James Allen Starks, proceeding pro se, is a federal prisoner serving a

sentence of life imprisonment for conspiracy to possess with intent to distribute

cocaine (powder) and cocaine base (crack), structuring financial transactions, and money laundering.  In 2013, Starks moved to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 of the United States Sentencing Guidelines (USSG).   The district court denied this motion, finding that Amendment 750 does not lower Starks's base offense level because his offense involved 104 kilograms of cocaine base.  Starks now appeals, and the government has filed a motion for summary affirmance and a motion to stay the briefing schedule.  After careful review, we GRANT the government's motion to summarily affirm the district court's ruling.  As a result, the government's motion to stay the briefing schedule is DENIED as moot.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  Pursuant to 18 U.S.C. § 3582(c)(2), a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a

---

[1] In Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981. Id. at 1209.

sentencing range that has subsequently been lowered by the Sentencing Commission." However, a sentence reduction is not authorized under § 3582(c)(2) if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B); United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013).

Summary disposition for the government is appropriate here because Starks is clearly not entitled to be resentenced pursuant to § 3582(c)(2) and Amendment 750. It is true that Amendment 750 reduces Stark's base offense level from 42 to 38. See USSG § 2D1.1(c)(1) (Nov. 2010) (providing that the base offense level is 38 for offenses involving 8.4 kilograms or more of cocaine base). But Stark's total offense level and his guidelines range remain the same because of a four-level leadership role enhancement and a two-level enhancement for obstruction of justice. See USSG ch. 5, pt. A, comment. (n.2) ("An offense level of more than 43 is to be treated as an offense level of 43."); United States v. Starks, 409 F. App'x 264, 265 (11th Cir. 2010) (unpublished) (explaining why Amendment 706 does not entitle Starks to be resentenced).

Starks responds that the factual findings at his original sentencing were clearly erroneous. He further argues that his sentencing court failed to consider the § 3553(a) factors when imposing his sentence. But these arguments all miss the mark because a sentencing adjustment pursuant to § 3582(c)(2) "does not

3

constitute a de novo resentencing." United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam) (quotation marks omitted); see U.S.S.G. § 1B1.10(b)(1) (stating that courts should substitute only the amendment and "leave all other guideline application decisions unaffected"). Thus, previous factual and legal determinations from the original sentencing cannot be revisited at this stage in the proceedings. See United States v. Cothran, 106 F.3d 1560, 1562–63 (11th Cir. 1997); United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000) ("All other guideline application decisions made during the original sentencing remain intact." (quotation marks omitted)). For these reasons, the district court properly concluded that it lacked authority to reduce Starks's sentence pursuant to Amendment 750.

The government's motion for summary affirmance is **GRANTED**, the judgment of the district court is **AFFIRMED**, and the government's motion to stay the briefing schedule is **DENIED** as moot.

4