[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2010
JOHN LEY
CLERK

_____

No. 08-13645

_____

D. C. Docket No. 06-00445-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATELISHA TENNILLE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 9, 2010)

Before EDMONDSON and CARNES, Circuit Judges, and GOLDBERG,* Judge.

_____

*Honorable Richard W. Goldberg, United States Court of International Trade Judge,
sitting by designation.

PER CURIAM:

This appeal, in this cocaine-base case, is about whether the "safety-valve" provision in 18 U.S.C. § 3553(f), which allows a sentencing court to disregard a statutory minimum sentence in certain circumstances, can be applied when a defendant's sentence is modified downward pursuant to 18 U.S.C. § 3582(c)(2). We conclude that it cannot.

## I. BACKGROUND

Natelisha Jackson, the appellant, was convicted of possession with intent to distribute more than 50 grams of cocaine base, as well as conspiring to do the same, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Jackson's advisory guidelines range was 121-151 months, based on an Offense Level of 32 and a Criminal History Category of I. Because Jackson's offense involved more than 50 grams of cocaine base, she was subject to a statutory minimum sentence of 120 months. See 21 U.S.C. § 841(b)(1)(A). The district court entered a sentence of 121 months -- at the bottom end of Jackson's advisory guidelines range.

Later, the United States Sentencing Commission issued Amendment 706,

2

amending the Drug Quantity Table in § 2D1.1(c). U.S.S.G. app. C, amend. 706 (2007). The Commission made the change retroactively applicable, resulting in a two-level reduction in Jackson's base offense level. See U.S.S.G. app. C, amend. 713 (Supp. Mar. 3, 2008).

In the light of the retroactive guidelines change, the district court, on its own motion,[1] reduced Jackson's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[2] The district court adjusted Jackson's offense level from 32 to 30, resulting in a new guidelines range of 97-121 months. Because the statutory minimum sentence (120 months) applicable to the pertinent offenses remained in place, Jackson's actual guidelines range was 120-121 months. The district court reduced Jackson's sentence by 1 month, from 121 months to 120 months.

Jackson appeals the district court's sentence-modification order. She contends that the district court was obligated to determine her eligibility for safety-

---

[1]The district court issued its order on its own motion, without first ordering briefing or conducting a hearing. The Government urges us to apply plain error review because Jackson did not request safety-valve relief when she was initially sentenced. The outcome of this appeal does not turn on our standard of review; we do not decide whether Jackson could have or should have requested safety-valve relief earlier. See United States v. Crape, 603 F.3d 1237, 1241 n.2 (11th Cir. 2010).

[2]Section 3582(c)(2) allows for modification of an imposed term of imprisonment when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

valve relief because the bottom end of her new calculated guidelines range (97 months) was below the statutory minimum applicable to her offense (120 months).

## II.  DISCUSSION

A district court may not ordinarily sentence a defendant to a term less than the statutory minimum, regardless of the defendant's advisory guidelines range. See United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007).  But under the safety-valve provision of 18 U.S.C. § 3553(f),[3] for sentences arising under

---

[3]The safety-valve applies "if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a

convictions for specified drug-related offenses, the district court is required to ignore the statutory minimum if certain conditions are satisfied.[4] See United States v. Quirante, 486 F.3d 1273, 1273-75 (11th Cir. 2007). In other words, when the requirements of section 3553(f) "are met, if a defendant has an advisory guidelines range lower than an otherwise applicable mandatory minimum, he must be given the benefit of the guidelines range in arriving at the advice that the guidelines furnish for the sentencing decision." Id. at 1275-76.

A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed. R. Crim. P. 35. 18 U.S.C. § 3582(c)(1)(B). One circumstance in which modification is permitted is specified in 18 U.S.C. § 3582(c)(2), which grants "a district court . . . discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). The district court can reduce the sentence on its own motion and without a hearing.

determination by the court that the defendant has complied with this requirement." 18 U.S.C. § 3553(f) (emphasis added).

[4]The Government contends that, even if safety-valve relief is available in a section 3582(c)(2) proceeding, Jackson does not satisfy the pertinent conditions. We do not address this contention because it involves factual issues not yet addressed by a district court.

5

18 U.S.C. § 3582(c)(2); Fed. R. Crim. P. 43(b)(4).

The question we must resolve today is this one: can a district court grant safety-valve relief when reducing a defendant's sentence pursuant to section 3582(c)(2)? The answer is "no," because the safety-valve is inapplicable to sentence-modification proceedings.

Over the years, we have often stressed the limited nature of section 3582(c)(2) proceedings. Bravo, 203 F.3d at 781 ("This Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing."); United States v. Vautier, 144 F.3d 756, 763 n.8 (11th Cir. 1998) ("'[Section] 3582(c)(2) and related sentencing guidelines do not contemplate a full de novo resentencing.'" (quoting United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997))). As the Supreme Court has recently expressed, "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." Dillon v. United States, 130 S. Ct. 2683, 2690 (2010). "Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." Id.

The safety-valve is applicable only when a district court "impose[s] a sentence" after making certain findings "at sentencing." 18 U.S.C. § 3553(f). Safety-valve

6

relief is not available to Jackson. Section 3582(c)(2) is no "sentencing or resentencing," but is instead a "modification of a term of imprisonment."[5] Dillon, 130 S. Ct. at 2690 (alteration omitted). The inapplicability of the safety-valve is supported by the statutory prerequisites for safety-valve relief, which require that the defendant "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" "not later than the time of the sentencing hearing." 18 U.S.C. 3553(f)(5) (emphasis added). The time-of–the-sentencing-hearing requirement contemplates the proceeding at which the district judge first imposes a sentence shortly after trial, because "the district court in a § 3582(c)(2) matter is not required to have a sentencing hearing at all." See United States v. Phillips, 597 F.3d 1190, 1198 n.18 (11th Cir. 2010). We agree with the Ninth Circuit that section 3553(f)'s "references to the time of sentencing all support a construction requiring that the safety valve be applied only if the findings were made when the

---

[5]Although we believe that sentence-modification proceedings are readily distinguishable from other sentencing proceedings, we acknowledge that they are in some sense a sentencing proceeding. And when deciding whether Fed. R. Crim. P. 35(a) limited the powers of district courts to modify sentences resulting from section 3582(c)(2) proceedings, we said that the section 3582(c)(2) modification of an original sentence was a "sentencing" for the purposes of Rule 35(a). United States v. Phillips, 597 F.3d 1190, 1199 (11th Cir. 2010). The Phillips decision was focused on Rule 35(a) -- its words and its limiting purpose. "It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used." Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 399, 5 L.Ed. 257 (1821). The case now before us does not touch on Rule 35(a) or the interest that Rule implicates.

7

criminal was originally sentenced, as opposed to the later time when his sentence was reduced."[6] United States v. Stockdale, 129 F.3d 1066, 1068 (9th Cir. 1997).

The inapplicability of safety-valve relief to sentence modifications is also tied to the lack of authorization in the Sentencing Guidelines for such an additional reduction in a defendant's sentence. In considering a sentence reduction under section 3582(c)(2), the district court must engage in a familiar two-part analysis. Bravo, 203 F.3d at 780. The first step requires the court to "recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." Id. The second step requires the district court to decide whether, in its discretion and in the light of the factors specified in 18 U.S.C. § 3553(a),[7] a sentence reduction is warranted. See Bravo, 203 F.3d at 781.

---

[6]We must disagree with the circuits that have concluded that the safety-valve does apply in section 3582(c)(2) proceedings. See, e.g., United States v. Mihm, 134 F.3d 1353, 1355 (8th Cir. 1998); United States v. Clark, 110 F.3d 15, 18 (6th Cir. 1997). By the way, because we do not find the pertinent statutes to be ambiguous, see Reno v. Koray, 115 S. Ct. 2021, 2029 (1995), we do not apply the rule of lenity as urged by Jackson and discussed by some other courts. A split of authority among the circuits is an insufficient justification for the imposition of the rule of lenity. Id.

[7]Nothing in this record indicates that the district court considered and applied the section 3553(a) factors. But because the district court sentenced Jackson to the lowest available sentence -- the statutory minimum -- any error was harmless. See United States v. Raad, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005).

A potential sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission. <u>Dillon</u>, 130 S. Ct. at 2694. The applicable policy statement here directs that, when determining the new applicable guidelines range, "the court shall substitute only the [pertinent] amendments listed . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1) (Supp. Mar. 3, 2008). Moreover, the background commentary to that policy statement makes clear that the discretion afforded to the district court "does not authorize a reduction in <u>any other component</u> of the sentence." <u>Id.</u> cmt. background (2008) (emphasis added). Nothing to which our attention has been drawn in the Sentencing Guidelines tells us that a district court is authorized to make an extra and brand new determination -- the applicability of the safety-valve -- when the court is engaged in a sentence reduction only narrowly authorized by the Sentencing Commission and section 3582(c)(2).

## III. CONCLUSION

The district court did not err when it, pursuant to section 3582(c)(2), reduced the defendant's otherwise final sentence without considering the safety-valve

9

provision of section 3553(f).

AFFIRMED.