[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16150
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80006-KLR-5


UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus

ISMAEL ESPINAL-TORRES,
a.k.a. David Duarte,
a.k.a. Palon,

                                                      Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 4, 2013)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ismael Espinal-Torres, proceeding *pro se*, appeals the district court's denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Espinal-Torres argues that we should remand his case to allow the district court to explain how it reached the original sentence, apply Amendment 750 to the Sentencing Guidelines, and impose either a new or the original sentence. For the reasons set forth below, we affirm the district court's denial of Espinal-Torres's § 3582(c)(2) motion.

## I.

In 2009, Espinal-Torres was convicted of conspiracy to possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. § 846. In his presentence investigation report ("PSI"), Espinal-Torres was assigned a base offense level and a total offense level of 32, under U.S.S.G. § 2D1.1(a)(3), because the probation officer found that he was responsible for between 150 and 500 grams of cocaine base. Based on a total offense level of 32 and a criminal history category of II, his guideline range was 135 to 168 months' imprisonment. The statutory sentencing range was 120 months' to life imprisonment.

In a sentencing memorandum, Espinal-Torres argued that the correct base offense level was 30 because he and the government had agreed that he was responsible for 50 to 150 grams of cocaine. He argued that he should receive a

2

3-level reduction for acceptance of responsibility, which would give him a total offense level of 27 and a guideline range of 78 to 97 months' imprisonment. He asked the court to sentence him to the statutory minimum sentence of 120 months' imprisonment. The sentencing transcript is not included in the record, but on January 13, 2009, the court imposed judgment, sentencing Espinal-Torres to 120 months' imprisonment.

In November 2011, Espinal-Torres filed a § 3582(c)(2) motion for a reduction in sentence. He acknowledged that he had been sentenced to the low end of his guideline range. Under the recent amendment to the crack cocaine guideline, his base offense level would be 26, and his total offense level would be 23. He asked the district court to resentence him to, at most, 57 months' imprisonment.

The government responded that Amendment 750 was inapplicable in this case because Espinal-Torres received the statutory minimum sentence. Under U.S.S.G. § 5G1.1(b), Espinal-Torres's guideline range was the statutory minimum sentence. Amendment 750 had not altered § 5G1.1(b), and therefore, Espinal-Torres's guideline range remained the same. The government also noted that Espinal-Torres's mandatory minimum sentence was unaffected by the Fair Sentencing Act ("FSA") because he was sentenced before the FSA took effect.

3

The district court denied the § 3582(c)(2) motion without explanation.

II.

We review the district court's denial of a § 3582(c)(2) motion for an abuse of discretion and the "court's legal conclusions about its jurisdiction under the Sentencing Guidelines" *de novo*.  *United States v. Mills*, 613 F.3d 1070, 1074-75 (11th Cir. 2010).  An appellate court need not remand a case in which the district court misapplied the Sentencing Guidelines if the error was harmless.  *United States v. Williams*, 503 U.S. 193, 203, 112 S.Ct. 1112, 1120-21, 117 L.Ed.2d 341 (1992).  A sentencing error is harmless if it "did not affect the district court's selection of the sentence imposed."  *Id.* at 203, 112 S.Ct. at 1121.  Thus, in a § 3582(c)(2) appeal, we applied harmless-error review where the defendant had received the statutory minimum sentence.  *United States v. Jackson*, 613 F.3d 1305, 1310 n.7 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1677 (2011).

A district court may modify a defendant's sentence in limited circumstances, including when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The court may only modify a sentence under § 3582(c)(2) if the relevant amendment to the Sentencing Guidelines has "the effect of lowering the defendant's applicable guideline range."  U.S.S.G.

4

§ 1B1.10(a)(2)(B).  A reduction is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, comment. (n.1(A)) (emphasis omitted).  Where a statutory minimum sentence exceeds the otherwise-applicable guideline range, the statutory minimum sentence becomes the defendant's guideline range.  *Mills*, 613 F.3d at 1076.  A district court "lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum."  *Id.* at 1078.

Amendment 750, effective November 1, 2011, made permanent an amendment lowering the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c).  *See* U.S.S.G. App. C, Amends. 748, 750.  These amendments altered the Drug Quantity Table in § 2D1.1(c) so that a base offense level of 26 applies where there was between 28 and 112 grams of cocaine base, a base offense level of 28 applies where there was between 112 and 196 grams of cocaine base, a base offense level of 30 applies where there was between 196 and 280 grams of cocaine base, and a base offense level of 32 applies where there was between 280 and 840 grams of cocaine base.  *See id.*; U.S.S.G. § 2D1.1(c)(4-7).

District courts are bound by statutory minimum sentences. *United States v. Gomes*, 621 F.3d 1343, 1345 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1833 (2011). The FSA, enacted on August 3, 2010, raised the quantity of crack cocaine necessary to trigger the 10-year mandatory minimum sentence from 50 grams to 280 grams. Pub. L. No. 111–220, 124 Stat. 2372 (2010), *codified at* 21 U.S.C. § 841(b)(1)(A)(iii). The FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress. *United States v. Berry,* No. 12-11150, slip op. at 4 (11th Cir. Nov. 14, 2012). Thus, the FSA does not serve as a basis for a § 3582(c)(2) sentence reduction. *Id.* Regardless, the FSA does not apply retroactively to a defendant who was sentenced before its effective date. *Id.* at 4-5 (agreeing with every other circuit to address the issue that no evidence suggests that Congress intended the FSA to apply to defendants who were sentenced prior to August 3, 2010).

The district court correctly denied Espinal-Torres's § 3582(c)(2) motion. Because the sentencing transcript is not included in the record, it is unclear whether the court applied the range recommended in the PSI (135 to 168 months) or the range that Espinal-Torres sought (78 to 97 months). In either case, Espinal-Torres was ineligible for a sentence reduction under § 3582(c)(2). First, if the court followed the PSI's recommendation and applied a guideline range of 135

6

to 168 months, Amendment 750 may have been applicable to Espinal-Torres's case. We nonetheless affirm because, even if the court erroneously denied the § 3582(c)(2) motion, any error was harmless. Like the defendant in *Jackson*, Espinal-Torres was sentenced to the statutory minimum sentence. *See* 613 F.3d at 1310 n.7. Because Espinal-Torres committed his offense and was sentenced before August 3, 2010, the lower statutory minimum sentences of the FSA do not apply to him. *See Berry*, No. 12-11150, slip op. at 4-5. Therefore, he could not have received a lower sentence even if the court had granted his § 3582(c)(2) motion.

Alternatively, the court may have applied the range that Espinal-Torres sought, which was below the statutory minimum sentence of 120 months. Under this scenario, Espinal-Torres's guideline range would have become 120 months, and the court would not have had jurisdiction to consider the § 3582(c)(2) motion. *See Mills*, 613 F.3d at 1076, 1078. Thus, regardless of Espinal-Torres's guideline range, the district court correctly denied his § 3582(c)(2) motion.

For the foregoing reasons, we affirm the district court's denial of Espinal-Torres's § 3582(c)(2) motion.

**AFFIRMED.**

7