[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13504
Non-Argument Calendar
_____

D.C. Docket No. 5:08-cr-00005-MW-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARRIECE QUONTREL DAVIS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 19, 2016)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Karriece Davis, a pro se federal prisoner, filed an 18 U.S.C. § 3582(c)(2) motion in district court, seeking a reduction to his 150-month sentence.[1]  The district court granted the motion based on Amendment 782 to the United States Sentencing Guidelines (Guidelines).  Davis's original Guidelines range was 120 to 150 months' imprisonment.  The court determined that his amended Guidelines range is 120 to 125 months' imprisonment, and after considering the 18 U.S.C. § 3553(a) factors, it reduced his sentence to 144 months' imprisonment.  Davis now appeals.  He argues that the district court incorrectly calculated his amended Guidelines range and abused its discretion by (1) sentencing him above his amended Guidelines range, (2) failing to properly consider the § 3553(a) factors, and (3) deciding his § 3582(c)(2) motion without affording him an opportunity to address the Government's response to his § 3582(c)(2) motion or to contest a memorandum submitted to the court by the Probation Office.[2]  We affirm.

I

Davis first claims that the district court incorrectly calculated his amended Guidelines range.  The crux of Davis's argument is that the court did not properly apply Guidelines amendments 706, 750, and 782 in calculating his amended range.

---

[1] Because Davis is proceeding pro se, we have "liberally construed" his filings "to afford review on any legally justifiable bas[is]."  *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).

[2] Davis also challenges the district court's decision on two other bases.  But, after thorough consideration of the record and the parties' briefs, we conclude that those challenges fail and do not require discussion here.

However, under the Guidelines' current Drug Quantity Table and Drug Equivalency Tables—which take into account those amendments[3]—Davis's base offense level is 24,[4] and his criminal history category is VI. Taken together, that base level and criminal history category result in an amended Guidelines range of 100 to 125 months' imprisonment. *See* U.S.S.G. ch. 5, pt. A. In addition, because the statutory mandatory minimum for one of Davis's drug offenses at the time of the offense was 120 months' imprisonment,[5] his Guidelines range cannot include a sentence below 120 months. *See id.* § 5G1.1(b). Thus, as the district court concluded, Davis's amended Guidelines range is 120 to 125 months' imprisonment.

---

[3] *See* U.S.S.G. § 2D1.1 (amended Nov. 1, 2015); *Id.* App. C, Amend. 782 (effective Nov. 1, 2014); *Id.* App. C, Amend. 750 (effective Nov. 1, 2011); *Id.* App. C, Amend. 706 (effective Nov. 1, 2007).

[4] Davis was convicted for various drug crimes, and at his original sentencing for those crimes, he was held responsible for 9.9 grams of cocaine base and 1,594.3 grams of cocaine powder. To determine the Guidelines range for offenses involving multiple types of illegal drugs, we calculate the "marijuana equivalent" for the total amount of drugs involved. *See United States v. Anderson*, 772 F.3d 662, 669 (11th Cir. 2014). Under the applicable Drug Equivalency Table, those quantities convert to a total of 354.21 kilograms of marijuana equivalent. *See* U.S.S.G. § 2D1.1, cmt. n.8(D). That amount of marijuana equivalent corresponds to a base offense level of 24. *Id.* § 2D1.1(c)(8).

[5] Davis concedes that the offense—his conviction under 21 U.S.C. § 841(b)(1)(B)(iii) (2008)—is subject to a 120-month statutory mandatory minimum.

II

Davis next asserts that the district court abused its discretion in reducing his sentence to a term of imprisonment above his amended Guidelines range.[6] According to Davis, the district court only had authority to either (1) deny his request for reduction or (2) reduce his sentence to a term within his amended Guidelines range.  But, when an amendment permits a reduction, district courts have discretion to determine the extent of the reduction.  *See* U.S.S.G. § 1B1.10, cmt. n.1(B)(i) ("Consistent with 18 U.S.C. 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction. . . ."); *Smith*, 568 F.3d at 926–27.  And, although the Guidelines specifically limit courts' authority to reduce a defendant's sentence below his amended Guidelines range, they do not proscribe reduced sentences that are above a defendant's amended Guidelines range.  *See* U.S.S.G. § 1B1.10(b)(2).  As such, the district court did not *ipso facto* abuse its discretion by reducing Davis's sentence to a term of imprisonment above his amended Guidelines range.

---

[6] We review for abuse of discretion a district court's determination regarding whether, and to what extent, a sentence reduction pursuant to § 3582(c)(2) is warranted.  *See United States v. Smith*, 568 F.3d 923, 926–27 (11th Cir. 2009).

### III

Davis also argues that the district court abused its discretion by failing to properly consider the § 3553(a) factors.  Specifically, he asserts that the court erred because it did not consider his post-sentencing conduct.  This argument is without merit.  The Guidelines provide that district courts have discretion to consider or forego consideration of post-sentencing conduct.[7]  *See id.* § 1B1.10, cmt. n.1(B)(iii) (stating that the district court "may" consider the prisoner's post-sentencing conduct); *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (per curiam).

### IV

Finally, Davis argues that the district court abused its discretion by ruling on his § 3582(c)(2)  motion without providing him an opportunity to address the Government's response to his motion or to contest the memorandum submitted by the Probation Office.  A district court abuses its discretion in resolving a § 3582(c)(2)  motion if it fails to "follow proper procedures in making its determination."  *See United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010) (internal quotation marks omitted and alteration adopted).  In a § 3582(c)(2)

---

[7] Relatedly, to the extent Davis further asserts that the district court abused its discretion because its "reduction" decision was inconsistent with the § 3553(a) factors, we conclude that—based on our review of the record, including Davis's significant criminal history—the decision was within the court's discretion.

proceeding, "each party must be given notice of and an opportunity to contest new information relied on by the district court." *Id.* at 1245.

Here, the Probation Office memorandum provided new information—that two Disciplinary Reports have been issued to Davis during his time in prison. Moreover, the Government's response referenced that information, and it included multiple allegations that appeared to be new because the Government, as it now concedes, mischaracterized certain facts about Davis's criminal conduct. Nevertheless, the district court decided Davis's § 3582(c)(2) motion without allowing him to respond to either submission.

Despite not affording Davis an opportunity to address the Government's response or the Probation Office memorandum, the district court did not commit reversible error. Assuming that the court erred, the error was harmless. *See United States v. Marroquin-Medina*, No. 15-12322, slip op. at 16 (11th Cir. Apr. 1, 2016) (reviewing a procedural error in a § 3582(c)(2) proceeding for harmless error); *United States v. Jackson*, 613 F.3d 1305, 1310 n.7 (11th Cir. 2010) (per curiam) (applying harmless error to § 3582(c)(2) proceedings). First, on appeal, Davis has admitted to the two Disciplinary Reports, demonstrating that he would not have contested them before the district court. Second, in putting forth the inaccurate factual allegations at issue, the Government's response cited to Davis's Presentence Investigation Report (PSI), and the PSI—of which the district court

had the benefit—includes the proper account of those facts.  Third, after the district court decided Davis's § 3582(c)(2) motion, he filed replies to the Government's response and, in the replies, contested the inaccurate factual allegations.  But, the district court found Davis's arguments unconvincing.  It construed the replies as motions for reconsideration and denied the motions.  For these reasons, the court's failure to provide Davis an opportunity to address the Probation Office memorandum and the Government's response was harmless.

**AFFIRMED.**