[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-10758
Non-Argument Calendar

————————————————

D.C. Docket No. 8:14-cr-00055-SDM-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLINGTON CRUICKSHANK,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(January 12, 2018)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Carlington Cruickshank appeals his convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. §§ 70503(a), 70506(a) and

(b), and one count of possession with intent to distribute five kilograms or more of cocaine while aboard a vessel, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. §§ 70503(a), 70506(a).   On appeal, Cruickshank argues that: (1) the district court erred in denying him a minor-role reduction under U.S.S.G. § 3B1.2(b) because he was less culpable than his co-conspirator and other participants in the conspiracy; and (2) the Maritime Drug Law Enforcement Act ("MDLEA") is unconstitutional, an issue the government says is barred under the law-of-the-case doctrine.  After careful review, we affirm.

In reviewing a district court's use of the Guidelines, we review purely legal questions de novo and the district court's factual findings for clear error.  United States v. White, 335 F.3d 1314, 1317 (11th Cir. 2003).   A "district court's determination of whether a defendant qualifies for a minor role adjustment under the Guidelines is a finding of fact that will be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 934 (11th Cir. 1999) (en banc).   We review de novo the application of the law-of-the-case doctrine.  United States v. Bobo, 419 F.3d 1264, 1267 (11th Cir.2005).

Harmless error analysis is also applied to sentencing cases, and remand is unnecessary if the party defending the sentence persuades the appellate court that the district court would have imposed the same sentence absent the erroneous factor.  United States v. Williams, 503 U.S. 193, 203 (1992).   Where the district

court properly imposes the statutory minimum sentence, any alleged error in the Guidelines calculations is harmless and need not be addressed. United States v. Raad, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005); United States v. Jackson, 613 F.3d 1305, 1310 n.7 (11th Cir. 2010).

First, we are unpersuaded by Cruickshank's argument that the district court erred in denying him a minor-role reduction pursuant to U.S.S.G. § 3B1.2(b). The Sentencing Guidelines provide a mitigating role adjustment based on the defendant's role in the offense. See U.S.S.G. § 3B1.2. Specifically, a defendant may receive a two-level reduction if he was a "minor" participant in the criminal activity. See § 3B1.2(b). A minor participant is one who is less culpable than most other participants, but whose role could not be described as minimal. Id., comment. (n.5). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." De Varon, 175 F.3d at 939. In determining a defendant's role in an offense, a district court's decision must "clearly resolve[] any disputed factual issues." Id. (emphasis omitted). As long as the district court's decision is supported by the record, the sentencing judge need not make specific subsidiary factual findings regarding the defendant's role in the offense. Id.

In De Varon, we established a two-part test to determine whether a defendant qualifies for a minor-role adjustment. See id. at 940. First, "the district

court must measure the defendant's role against the relevant conduct for which [he] has been held accountable." Id. at 945. "When the relevant conduct attributed to a defendant [at sentencing] is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable." United States v. Alvarez-Coria, 447 F.3d 1340, 1343 (11th Cir. 2006). Second, "the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in [the] relevant conduct." De Varon, 175 F.3d at 945.

To conduct this inquiry, we've held that "the conduct of participants in any larger criminal conspiracy is irrelevant." Id. at 944. Rather, the district court should (1) look to "other participants only to the extent that they are identifiable or discernable from the evidence," and (2) "consider only those participants who were involved in the relevant conduct attributed to the defendant." Id. We've advised that "[a] defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants." United States v. Bernal-Benitez, 594 F.3d 1303, 1320-21 (11th Cir. 2010) (emphasis omitted). Additionally, we have warned that "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none [of the participants] are minor or minimal participants." De Varon, 175 F.3d at

4

944.  Amendment 794 to the Sentencing Guidelines embraced the approach we took in De Varon, and incorporated many of the same factors delineated in De Varon.  United States v. Cruickshank, 837 F.3d 1182, 1193-94 (11th Cir. 2016) ("Cruickshank I").

Here, the district court did not clearly err in denying Cruickshank a two-level minor-role reduction.  For starters, because the district court properly imposed the statutory minimum sentence, Cruickshank's alleged error in the Guidelines calculations is harmless and we need not address it.  See Raad, 406 F.3d at 1323 n.1; Jackson, 613 F.3d at 1310 n.7.  But even if we were to address his claim on the merits, the record reveals that Cruickshank has failed to prove by a preponderance of the evidence that (1) his actual conduct was any different from the relevant conduct for which he was held accountable at sentencing, or (2) he was less culpable than most other participants in his relative conduct.  See De Varon, 175 F.3d at 939, 945.

As the record shows, Cruickshank played an important or essential role in his relevant conduct for conspiring to possess with intent to distribute, and possession with intent to distribute, five kilograms or more of cocaine -- he was the crewmember in charge of the vessel's GPS system and navigation.  See id. at 942-43.  Moreover, the only other discernable participant involved in the venture was his co-conspirator, Carlos Acosta.  See id. at 944.  As for Cruickshank's argument

that he was less culpable than those individuals involved in the venture, but who were not on the vessel, it is irrelevant -- the conduct of other participants in a larger criminal conspiracy has no bearing on Cruickshank's role in transporting the drugs, and the individuals who he identifies in his brief were not involved in the relevant conduct attributable to him. Id. at 944.

To the extent Cruickshank challenges certain factual findings by the district court, including that Acosta was not a mere messenger and did not obtain the crew, the court was not required to make those subsidiary factual findings. See id. at 940. Regardless, the record supports the district court's finding that Acosta did not obtain the boat crew; rather, another person, named Kevin, gathered the crew. In addition, while Cruickshank may disagree with the district court's conclusion that Acosta was a mere messenger, the district court recognized all of the relevant facts on which Cruickshank relied in concluding that Acosta was not a mere messenger. The district court also clearly resolved disputed factual issues, and concluded that, based on the totality of the circumstances, Cruickshank was the authority figure on the boat, since he provided the route, handled the vessel, spoke with the Coast Guard, and claimed nationality for the vessel. On this record, the fact that Cruickshank may not have engaged in the planning or organizing to the same extent as Acosta is not dispositive of Cruickshank's role in the offense; indeed, neither Cruickshank nor Acosta were considered minor participants. Id. at 944.

6

As for Cruickshank's argument that the MDLEA violates the Fifth and Sixth Amendments to the U.S. Constitution and exceeds Congress's Article I powers, we reject this argument based on the law-of-the-case doctrine. Under the law-of-the-case doctrine, district and appellate courts are generally bound to follow a prior appellate decision in the same case. Thomas v. United States, 572 F.3d 1300, 1303 (2009); see also Westbrook v. Zant, 743 F.2d 764, 768 (11th Cir. 1984) ("[T]he law of the case doctrine invokes the rule that findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." (quotation omitted)). In general, the law-of-the-case doctrine "operates to preclude a reexamination of issues decided upon appeal, either by the district court on remand or by the appellate court itself upon a subsequent appeal." Westbrook, 743 F.2d at 768 (quotation omitted). We've recognized three exceptions to the law-of-the-case doctrine, in cases where: "(1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to the issue, or (3) the previous decision was clearly erroneous and would work a manifest injustice." Id. at 768-69.

We agree with the government that the law-of-the-case doctrine precludes us from considering Cruickshank's constitutional challenges to the MDLEA. In Cruickshank's first appeal to this Court, we rejected all four of the constitutional

7

challenges he again raises here.  See Cruickshank I, 837 F.3d at 1188, 1192 (rejecting his arguments, among others, that the MDLEA violated Article I of the U.S. Constitution, as well as the Fifth and Sixth Amendments to the Constitution). Our holdings in Cruickshank I became law of the case.  See Thomas, 572 F.3d at 1303.  Further, Cruickshank did not put forth any different evidence on remand from our prior decision, nor was there any change in controlling authority between his two sentencing hearings, nor were our holdings in Cruickshank I clearly erroneous.  Because we've already held that all of Cruickshank's constitutional challenges to the MDLEA were without merit, and he has not established that any of the exceptions to the law-of-the-case doctrine apply, his appeal on these issues are foreclosed.  See Westbrook, 743 F.2d at 768.  Accordingly, we affirm Cruickshank's conviction and sentence.

**AFFIRMED**.