[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-11152

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICKY NELSON BYNUM,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20878-CMA-1

————————————————

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Ricky Bynum, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. Rather than filing a response brief, the government moves for summary affirmance, arguing that Bynum was ineligible for relief because he received the lowest available sentence—his statutory minimum—and that the court did not abuse its discretion by concluding that a sentence reduction was not warranted.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

We review *de novo* the district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). If § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction only for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

If a defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, a district court may reduce the term of imprisonment, after considering the 18 U.S.C. § 3553(a) factors to the extent they are applicable, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In considering a motion for a sentence reduction under § 3582(c)(2), a district court must engage in a two-step analysis. *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000). First, the district court must recalculate the guideline range under the amended Guidelines, changing only the amended guideline and keeping all other guideline application decisions made during the original sentencing intact. *Id.*; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)-(ii)). Second, the district court must determine whether, in its discretion, it should reduce the defendant's sentence considering the § 3553(a) factors and whether the defendant poses a threat to the safety of the community. *Bravo*, 203 F.3d at 781.

The applicable policy statement for § 3582(c)(2) motions is § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 821 (2010). The district court's authority under § 3582(c)(2) is limited to the guideline amendments listed in U.S.S.G. § 1B1.10 that "have the effect of lowering the defendant's applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (addressing § 1B1.10(c), now § 1B1.10(d)) (quotation marks

omitted).  In 2023, Amendment 821 to the Sentencing Guidelines went into effect.  *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 821.  The amended guideline added a new section, U.S.S.G. § 4C1.1 (2023), titled "Adjustment for Certain Zero-Point Offenders," which provides for a two-level decrease in a defendant's offense level if the defendant has zero criminal history points and satisfies ten other criteria, which include that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."  *Id*.  Parts A and B of Amendment 821, which includes § 4C1.1, are listed as covered, retroactive amendments.  U.S.S.G. § 1B1.10(d).

However, a reduction is "not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, comment. (n.1(A)).  Where a statutory minimum sentence exceeds the otherwise-applicable guideline range, the statutory minimum sentence becomes the defendant's guideline range.  *United States v. Mills*, 613 F.3d 1070, 1076 (11th Cir. 2010) (citing U.S.S.G. § 5G1.1(b)).  In such a situation, the operative provision in determining a defendant's sentencing range is the statutory mandatory minimum, not the Guideline.  *Id*. at 1077.  Accordingly,

a district court "lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guideline sentencing range, when the defendant was sentenced on the basis of a mandatory minimum." *Id.* at 1078. A district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government files a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) or U.S.S.G. § 5K1.1 or the defendant qualifies for safety-valve relief under § 3553(f). *United States v. Hoffman*, 710 F.3d 1228, 1233 n.7 (11th Cir. 2013); *see also United States v. Castaing-Sosa*, 530 F.3d 1358, 1360-61 (11th Cir. 2008).

An appellate court need not remand a case based on a sentencing error that was harmless, i.e., an error that "did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992). We have applied harmless-error review in a § 3582(c)(2) appeal, concluding that any error in failing to consider and apply the § 3553(a) factors was harmless where the district court reduced the defendant's sentence to the statutory minimum. *United States v. Jackson*, 613 F.3d 1305, 1310 n. 7 (11th Cir. 2010). In addition, we may affirm on any ground supported by the record. *United States v. Thomas*, 32 F.4th 1073, 1077 (11th Cir. 2022).

Here, the district court was clearly right as a matter of law in denying Bynum's § 3582(c)(2) motion such that there is no substantial question as to the outcome of this case. Any error by the district court in failing to determine whether Bynum's

guideline range was lowered by Amendment 821 and recalculating his guideline range or in failing to consider his mitigating arguments and evidence was harmless because Bynum received the statutory mandatory minimum sentence, and the court had no authority to reduce his sentence below the statutory minimum. Because we may affirm on any ground supported by the record and it is clear as a matter of law that Bynum was not authorized to reduce his sentence below the statutory minimum, we grant the government's motion for summary affirmance.

**AFFIRMED.**