[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14200

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES JASON RIANI,
a.k.a. Wicked,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:11-cr-00174-JSM-AEP-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

James J. Riani, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on extraordinary and compelling circumstances due to his incarceration during the COVID-19 pandemic and his progress in rehabilitation.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.* An abuse of discretion arises if the district court "applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13 because the defendant's release would not endanger the community; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *Giron*, 15 F.4th at 1348.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. Section 1B1.13 states that a defendant's sentence may be reduced, upon motion of the defendant, where extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and the court determines a reduction is warranted under the factors in 18 U.S.C. § 3553(a). *Id.* § 1B1.13(a). Section 1B1.13, as amended at the time of Riani's motion, provided that an extraordinary and compelling reason exists under any of the listed circumstances or a combination thereof, which include the medical circumstances of the defendant. *Id.* § 1B1.13(b)(1)-(4). The section also contained a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [above], are similar in gravity" to the other examples listed. *Id.* § 1B1.13(b)(5). It also provided that if a defendant received an "unusually long sentence" and had served at least ten years' imprisonment, the court may consider a change in the law in determining whether the defendant presents an extraordinary and compelling reason, but only where the change would produce a gross disparity between the sentence imposed and the sentence likely to be imposed in the present. *Id.* § 1B1.13(b)(6). Rehabilitation is not an extraordinary and compelling reason but can be considered in combination with other circumstances to determine

whether and to what extent a reduction is warranted.  *Id.* § 1B1.13(d).

Section 3582(c)(2) permits a district court to reduce the term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" so long as "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2). Sentence reductions are permissible when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment" listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a).  Amendments 782 and 821 are covered by the policy statement in U.S.S.G. § 1B1.10.  *Id.* § 1B1.10(d).

In considering a sentence reduction under § 3582(c)(2), the district court must engage in a two-part analysis: (1) recalculate the guideline range by substituting the amended guideline for the originally applied guideline and keeping all other guideline application decisions intact, and (2) decide whether, in the court's discretion and in light of the § 3553(a) factors, a sentence reduction is warranted.  *United States v. Jackson*, 613 F.3d 1305, 1309-10 (11th Cir. 2010).  We have concluded that where a defendant's total offense level and guideline range were based on the career-offender guideline in U.S.S.G. § 4B1.1 and not § 2D1.1, he was ineligible for a sentence reduction under § 3582(c)(2) based on a retroactive guideline amendment that reduced base offense levels in § 2D1.1 because it

did not reduce the guideline range upon which his sentence was based. *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012).

Here, as the government concedes, we conclude that the district court abused its discretion in denying Riani's motion for a sentence reduction because it incorrectly construed Riani's motion as seeking relief under § 3582(c)(2) instead of § 3582(c)(1)(A) and analyzed his motion under the wrong standard in determining that he was ineligible for relief. We thus vacate the district court's order and remand for the district court to consider Riani's motion under the correct standard for a motion seeking a sentence reduction under § 3582(c)(1)(A).

**VACATED AND REMANDED.**