**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus ARRATE–RODRIGUEZ,**
**Defendant–Appellant.**

**No. 15–12405**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 26, 2016.

Donald F. Chase, II, U.S. Attorney's Office, Fort Lauderdale, FL, Ronald Grant DeWaard, Wifredo A. Ferrer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Lori E. Barrist, Federal Public Defender's Office, West Palm Beach, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellee.

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jesus Arrate–Rodriguez appeals the denial of his motion to reduce his sentence under Amendment 782 to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). Arrate–Rodriguez argues that the district court erred by stating that he was "ineligible" for a sentence reduction; weighing heavily the nature and circumstances of his offenses; failing to consider his post-sentencing conduct; and failing to conduct an evidentiary hearing. We affirm.

A jury convicted Arrate–Rodriguez of two counts of conspiring to import cocaine into the United States in 1990, 21 U.S.C. §§ 952(a), 960(a)(1), 963, and one count of conspiring to murder or attempting to murder and cause bodily harm to a confidential informant to prevent him from testifying in an official proceeding and to retaliate for providing information to a law enforcement officer, 18 U.S.C. §§ 1512(a)(1)(A), 1513(a)(2). Arrate–Rodriguez's presentence investigation report provided a sentence of life imprisonment based on his criminal history of I and a base offense level of 42 for importing more than 1,500 kilograms of cocaine, U.S.S.G. § 2D1.1(c)(1), that was increased by four levels because he was a leader of a conspiracy that transported 2,114 kilograms of cocaine from Colombia to Panama and then to the United States, id. § 3B1.1(a). Although Arrate–Rodriguez did not object to the enhancement, the district court mentioned at sentencing that Arrate–Rodriguez faced a sentence of life imprisonment regardless of whether he had a lesser role enhancement or whether his offense level had not been enhanced, which would result in an advisory guideline range of 360 months to life. The district court applied the four-level enhancement and sentenced Arrate–Rodriguez to two terms of life imprisonment for conspiring to import cocaine and one term

of 60 months for conspiring to murder an informant, with the instruction that the sentences run concurrently.

Arrate–Rodriguez moved for a reduction of his sentence under Amendment 782. The government acknowledged that the amendment applied to Arrate–Rodriguez and reduced his base offense level to 38, which, when increased by four levels for his leadership role, resulted in an adjusted offense level of 42 and an amended sentencing range of 360 months to life imprisonment. But the government argued that the statutory sentencing factors counseled against reducing Arrate–Rodriguez's sentence. See 18 U.S.C. § 3553(a). The district court appointed counsel for Arrate–Rodriguez and stated that it "may schedule an evidentiary hearing." Appointed counsel argued for a sentence at the low end of Arrate–Rodriguez's amended sentencing range.

We review for an abuse of discretion the denial of a motion to reduce a sentence. United States v. Jules, 595 F.3d 1239, 1241 (11th Cir.2010). A district court may reduce a term of imprisonment when the defendant's guideline range is lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). After the district court recalculates the sentence under the amended guidelines, it must decide, in the light of the statutory sentencing factors, id. § 3553(a), "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." United States v. Bravo, 203 F.3d 778, 780–81 (11th Cir.2000).

The district court understood that Arrate–Rodriguez was eligible for a sentence reduction. Although the district court used the word "ineligible" in the final sentence of the written order, the remainder of the order makes clear that the district court proceeded to the second step of the

analysis and elected to retain Arrate–Rodriguez's original sentence. The order states that the district court **"DENIED"** the motion to reduce "[u]pon consideration of the [statutory sentencing] factors, and specifically 'the nature and circumstances of the offense and the history and characteristics of the defendant,' § 3553(a)(1)."

The district court did not abuse its discretion when it denied Arrate–Rodriguez's motion. The government and Arrate–Rodriguez agreed that, based on the amended drug table, he had an offense level of 38, U.S.S.G. § 2D1.1(c)(2), which, with a four-level increase for his aggravating role, *id.* § 3B1.1(a), resulted in an amended sentencing range between 360 months and life imprisonment, *id.* Ch. 5, Pt. A. The district court reasonably decided to retain Arrate–Rodriguez's sentence of life imprisonment "[d]ue to the extraordinary quantity of drugs in this case, as well as [Arrate–Rodriguez's] conspiracy to murder a confidential informant." *See* 18 U.S.C. § 3553(a). Arrate–Rodriguez argues that the jury acquitted him of charges for attempting to murder the informant and attempting to cause the informant bodily harm, but the district court relied on Arrate–Rodriguez's *conviction* for *conspiring* to commit those offenses. Arrate–Rodriguez also argues for a reduction based on his rehabilitation, but the district court was not obligated to consider Arrate–Rodriguez's post-sentencing conduct. *See* U.S.S.G. § 1B1.10 cmt. n. 1(B)(iii); *United States v. Smith,* 568 F.3d 923, 927 (11th Cir.2009).

The district court also did not abuse its discretion when it declined to conduct an evidentiary hearing. No hearing is necessary when no "factor important to the sentencing determination is reasonably in dispute," U.S.S.G. § 6A1.3, and the government conceded that Amendment 782 applied to Arrate–Rodriguez. *See United*

*States v. Phillips,* 597 F.3d 1190, 1198 n. 18 (11th Cir.2010) ("the district court in a § 3582(c)(2) matter is not required to have a sentencing hearing at all"). Arrate–Rodriguez argues that he was denied due process, but the district court gave him the opportunity to address the arguments of the government with the assistance of appointed counsel. *See id.*

We **AFFIRM** the denial of Arrate–Rodriguez's motion to reduce.