[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13206
Non-Argument Calendar
_____

D.C. Docket No. 0:90-cr-06158-DTKH-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ARRATE-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 20, 2018)

Before MARTIN, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jesus Arrate-Rodriguez, pro se, appeals the district court's orders denying his motions to reduce his sentence, for recusal, and for reconsideration. We affirm.

## I. BACKGROUND

In 1992, Arrate-Rodriguez was convicted of conspiracy and attempting to import cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 963 (Counts 1 and 2); and conspiracy and attempting to kill a confidential informant, in violation of 18 U.S.C. § 371 (Count 3).

The probation officer grouped Counts 1 and 2 and calculated an offense level of 46—with a base level of 42, because the offense involved more than 1500 kilograms of cocaine, and a 4-level enhancement based on Arrate-Rodriguez's leadership role in the conspiracy. U.S.S.G. §§ 2D1.1(c)(1), 3B1.1. For Count 3, the probation officer calculated a base offense level of 28, pursuant § 2A1.5(a), because the offense involved conspiracy or solicitation to commit murder. Because the offense level for Counts 1 and 2 was higher than that for Count 3, the probation officer calculated the total offense level at 46. Based on a criminal history category of I and total offense level of 46, the probation officer determined the Sentencing Guidelines required a mandatory life sentence.

At sentencing, Arrate-Rodriguez objected to the 4-level enhancement. The district court noted that Arrate-Rodriguez's total offense level with the 4-level increase was 46, but even with a 2- or 3-level increase, his guidelines range would

2

have remained the same. The court calculated that, without a leadership-role enhancement, his guidelines range would have been 360 months' to life imprisonment, and if the court sentenced him at the upper end of the guidelines range, he would still receive a life sentence. The court concluded that the 4-level role enhancement was appropriate and sentenced Arrate-Rodriguez to life imprisonment on Counts 1 and 2, and 60 months of imprisonment on Count 3, to run concurrently. The conviction and sentence were affirmed on appeal. *United States v. Arrate-Rodriguez*, 43 F.3d 677 (11th Cir. 1994) (Table).

In 2004, Arrate-Rodriguez moved for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 505 to the Sentencing Guidelines. Amendment 505, which had been recently promulgated and was retroactively applicable, lowered the offense level from 42 to 38 for a narcotics offense involving more than 1500 kilograms of cocaine. The district court denied the motion and his subsequent motion for reconsideration. This court affirmed. *United States v. Arrate-Rodriguez*, 160 F. App'x 829, 834 (11th Cir. 2005).

In 2015, Arrate-Rodriguez filed a successive § 3582(c)(2) motion, based on Amendment 782, which retroactively altered the drug tables to provide the maximum enhancement for drug quantity to level 38 for narcotics offenses involving more than 450 kilograms of cocaine. The district court denied the motion and stated that it had considered the 18 U.S.C. § 3553(a) factors,

3

particularly the nature and circumstances of the offense and the history and characteristics of the defendant, and could not grant the motion based on the "extraordinary quantity of drugs" and Arrate-Rodriguez's "conspiracy to murder a confidential informant." The court stated that Arrate-Rodriguez "remain[ed] ineligible for a modification of sentence." This court affirmed, determining that, despite its use of the word "ineligible," the district court had completed the required analysis and had not abused its discretion in denying Arrate-Rodriguez's motion. *United States v. Arrate-Rodriguez*, 644 F. App'x 908, 909-10 (11th Cir. 2016).

In March 2017, after this court had affirmed the denial of his § 3582(c)(2) motion, Arrate-Rodriguez filed a motion and supporting affidavit requesting that the district court judge recuse himself. Arrate-Rodriguez argued that the district court judge was biased against him based on the use of the word "ineligible" in the order denying his motion. Arrate-Rodriguez also filed a new § 3582(c)(2) motion, based on Amendments 591, 790, and 794, which he titled, in part, an "Additional Sentencing Memorandum" in support of his § 3582(c)(2) motion. The district court labeled Arrate-Rodriguez's § 3582(c)(2) motion as a memorandum in support of his motion for recusal. The court denied the motion for recusal.

On June 14, 2017, Arrate-Rodriguez moved the court to take judicial notice of *United States v. Barona-Bravo*, 685 F. App'x 761 (11th Cir. 2017). The district

4

court denied the motion, noting "there is nothing pending before this court."  Later

that month, Arrate-Rodriguez filed another § 3582(c)(2) motion based on

Amendments 591, 790, and 794.  He also moved for reconsideration of his

previous § 3582(c)(2) motion.  The court denied both motions.

On appeal, Arrate-Rodriguez argues the district court abused its discretion in

denying his § 3582(c)(2) motion without explanation or consideration of the

§ 3553(a) factors.  He also argues the district court judge erred by failing to recuse

himself because the judge's orders at issue here, as well as an order denying

Arrate-Rodriguez's previous § 3582(c)(2) motion, based on Amendment 782,

demonstrated  personal bias.  Additionally, Arrate-Rodriguez argues that the

district court erred by inaccurately labeling on the docket his § 3582(c)(2) motion

as support for his motion for recusal and abused its discretion by denying his

motion for reconsideration.

## II. DISCUSSION

### A. Denial of § 3582(c)(2) Motion

We review de novo the district court's legal conclusions regarding the scope

of its authority under 18 U.S.C. § 3582(c)(2).  *United States v. Jones*, 548 F.3d

1366, 1368 (11th Cir. 2008).  After establishing that § 3582(c)(2) applies, we

review the district court's decision to grant or deny a sentence reduction for abuse

of discretion.  *Id.* at 1368 n.1.  Abuse of discretion review, however, "is not simply

5

a rubber stamp." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (quotation omitted).  The court must give enough explanation to allow meaningful appellate review.  *Id.*  A district court abuses its discretion when it fails to adequately explain its decisions regarding whether to reduce a defendant's sentence.  *Id.*  A district court may also abuse its discretion by failing to apply the proper legal standard or by failing to follow proper procedures.  *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010).

We may affirm on any ground supported by the record.  *See United States v. Bornscheuer*, 563 F.3d 1228, 1238-39 (11th Cir. 2009).  We can affirm the denial of a § 3582(c)(2) motion where the district court's error was harmless.  *United States v. Anderson*, 772 F.3d 662, 670 (11th Cir. 2014); *United States v. Jackson*, 613 F.3d 1305, 1310 n.7 (11th Cir. 2010).  We construe pro se filings liberally.  *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).

A district court has a narrow ability to reduce a defendant's sentence under § 3582(c)(2).  *United States v. Hippolyte*, 712 F.3d 535, 540 (11th Cir. 2013).  A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be consistent with the Sentencing Commission's policy statements.  *Id.*  A reduction of a term of imprisonment is not consistent with the Sentencing

Guidelines policy statement and therefore is not authorized by § 3582(c)(2), if (1) none of the retroactive amendments is applicable to the defendant, U.S.S.G. § 1B1.10(a)(2)(A), or (2) the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range, § 1B1.10(a)(2)(B). A defendant is eligible for a reduction only when an amendment listed in § 1B1.10(d) lowers his guideline range. U.S.S.G. § 1B1.10 cmt. n.1(A).

Amendment 591 is a retroactive amendment intended to clarify that enhanced penalties under § 2D1.2 required the defendant to be convicted of an offense referenced to § 2D1.2. *See* U.S.S.G. § 1B1.10(d); *id.* app. C, amend. 591; *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Amendments 790 and 794 are not retroactive for § 3582 purposes. *See* U.S.S.G. § 1B1.10(d) (2016).

When the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Then, the court must decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence. *Id.* at 781. The district court may not re-examine the other sentencing determinations made at the original sentencing. *See* U.S.S.G. § 1B1.10(b)(1); *Bravo*, 203 F.3d at 780. The court must consider the § 3553(a) factors and any danger posed by a sentence reduction. *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009). Where it is not possible for us to

7

determine whether the district court considered the § 3553(a) factors, we must vacate and remand.  *See United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009).  However, if a defendant is not eligible for § 3582(c)(2) relief because an amendment is not applicable, then the § 3553(a) factors need not be considered. *See United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009).

The district court abused its discretion by failing to follow the proper procedures or adequately explain its decision when denying Arrate-Rodriguez's § 3582(c)(2) motion.  *See Johnson*, 877 F.3d at 997; *Jules*, 595 F.3d at 1241-42; *Douglas*, 576 F.3d at 1219.  However, the court's error was harmless because the cited amendments do not apply to lower Arrate-Rodriguez's sentencing range.  *See Anderson*, 772 F.3d at 670; *Jackson*, 613 F.3d at 1310 n.7; U.S.S.G. § 1B1.10(d); U.S.S.G. app. C, amend. 591.  First, Amendments 790 and 794 are not listed in § 1B1.10(d) and therefore do not apply retroactively.  *See* U.S.S.G. § 1B1.10(d); *id.* § 1B1.10 cmt. n.1(A).  To the extent Arrate-Rodriguez relies on this court's unpublished opinion of *Barona-Bravo* to indicate that Amendment 790 applies retroactively, his argument is without merit because that case is not binding and not applicable to § 3582(c)(2).  *See* 685 F. App'x at 767, 779 n.16.  Second, although Amendment 591 applies retroactively, it does not lower Arrate-Rodriguez's sentencing range because it does not impact § 2D1.1 and § 3B1.1, the two provisions that determined his sentencing range.  *See* U.S.S.G.

8

§ 1B1.10(d); *id.* app. A.  Accordingly, Amendment 591 cannot serve as the basis of a § 3582(c)(2) motion.  *See* U.S.S.G. § 1B1.10 cmt. n.1(A).  Additionally, to the extent Arrate-Rodriguez seeks to challenge other sentencing determinations regarding the amount of cocaine or the enhancement he received for his leadership role in the offense, he cannot do so in a § 3582(c)(2) proceeding.  *See* U.S.S.G. § 1B1.10(b)(1); *Bravo*, 203 F.3d at 780.

## B. Denial of Recusal Motion

We review a district court judge's decision not to recuse himself for abuse of discretion.  *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007).  We will affirm a judge's refusal to recuse himself unless "the impropriety is clear and one which would be recognized by all objective, reasonable persons."  *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999).

A district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  This is evaluated under the standard of whether "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).  Similarly, 28 U.S.C. § 144 provides that, whenever a party files a sufficient affidavit stating that the judge before whom the matter is pending "has a personal bias or prejudice either against him or in favor of

9

any adverse party," the judge shall refer the case to another judge. 28 U.S.C. § 144. The affidavit must state facts and reasons for the belief that bias or prejudice exists sufficient to "convince a reasonable person that bias actually exists." *Christo*, 223 F.3d at 1333. Bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *Bailey*, 175 F.3d at 968 (internal quotation marks omitted). Rulings adverse to a party generally do not constitute pervasive bias. *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).

The district court judge did not abuse his discretion in denying Arrate-Rodriguez's recusal motion. Arrate-Rodriguez has not identified any bias stemming from extrajudicial sources and has not shown that the district court judge's orders demonstrated such pervasive bias that it unfairly prejudiced him. *See Liteky*, 510 U.S. at 555, 114 S. Ct. at 1157; *Bailey*, 175 F.3d at 968. The only behavior that Arrate-Rodriguez specifically challenges relates to the judge's adverse rulings, and Arrate-Rodriguez's recusal motion and affidavit contain only vague, unsupported assertions of bias. Although Arrate-Rodriguez challenges the district court judge's statement that he "remain[ed] ineligible" for a sentence reduction, the judge made this statement when denying Arrate-Rodriguez's previous § 3582(c)(2) motion, based on Amendment 782, after considering the § 3553(a) factors. This did not constitute bias because the district court judge did

10

not indicate that Arrate-Rodriguez would always be ineligible, regardless of future amendments, and the order does not otherwise indicate the kind of clear impropriety requiring reversal. *See Bailey*, 175 F.3d at 968.

## C. Characterization of § 3582(c)(2) Motion

We review a district court's denial of a motion for reconsideration in a criminal action for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). Federal courts can recharacterize pro se motions for reasons such as to avoid unnecessary dismissals, clarify the actual legal claims, or better conform the motions to formal filing requirements. *Castro v. United States*, 540 U.S. 375, 381-82, 124 S. Ct. 786, 791-92 (2003).

The district court erred when it docketed and treated Arrate-Rodriguez's initial § 3582(c)(2) motion based on Amendments 591, 790, and 794, as support for his recusal motion, rather than as a new § 3582(c)(2) motion. Additionally, the district court erred by not addressing the motion until Arrate-Rodriguez refiled it along with his motion for reconsideration. However, the district court would have been within its discretion to deny it. *See Simms*, 385 F.3d at 1356. Any error was harmless because the § 3582(c)(2) motion should have been denied, as none of the cited amendments applied to lower Arrate-Rodriguez's sentencing range. *See Anderson*, 772 F.3d at 670; *Jackson*, 613 F.3d at 1310.

**AFFIRMED.**

11