[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16703
Non-Argument Calendar

_____

D. C. Docket No. 95-00605-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN J. HARRIS,
a.k.a. Joe Brown,
a.k.a. Billy Harris,
a.k.a. Edwich Pierre,
a.k.a. Steven Goodman,
a.k.a. Shine Henderson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2009)

Before BLACK, CARNES, and BARKETT, Circuit Judges.

PER CURIAM:

Steven Harris appeals the district court's denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Harris based his motion on Amendment 706 to the sentencing guidelines, which reduced the base offense levels applicable to crack cocaine offenses. He contends that the district court erred by not recognizing that he was sentenced based on an "improperly determined drug amount" during his original sentencing proceeding, in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Harris argues that the court on resentencing treated the guidelines as mandatory in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). He also asserts that, although his criminal history category was increased from III to VI under the career-offender provision of the guidelines, the court erred when it determined he was sentenced as a career offender. See U.S.S.G. § 4B1.1.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008). A district court may modify a term of imprisonment where a defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Where a defendant's guideline range remains unchanged by Amendment 706 because his

2

offense involved 4.5 kilograms or more of crack cocaine, a district court is not authorized to reduce the defendant's sentence under § 3582(c)(2). Jones, 548 F.3d at 1369.

We have noted that when the district court is evaluating whether to modify a defendant's sentence pursuant to § 3582(c)(2), "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). We have also held that "'Booker is inapplicable to § 3582(c)(2) motions.'" United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009) (citing United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005)).

During his original sentencing proceeding the court determined that Harris was responsible for over 4.5 kilograms of crack cocaine. Thus Amendment 706 did not reduce his applicable guideline range, and the district court lacked the authority to modify his sentence. Because § 3582(c)(2) proceedings are not de novo resentencings, Harris' arguments about improper drug-amount determinations made during his original sentencing proceeding also fail. See Bravo, 203 F.3d at 781. Nor can Harris support his § 3582(c)(2) motion with a Booker argument because, as we have noted, Booker "does not address motions to reduce a sentence under § 3582(c)(2)." Melvin, 556 F.3d 1192–93.

3

Finally, Harris' argument that he was not sentenced as a career offender is factually incorrect. Although the court's application of § 4B1.1 did not increase Harris' base offense level because it was already at 40, it did raise his criminal history category from III to VI. See U.S.S.G. § 4B1.1(b). The district court did not err when it determined that Harris had been sentenced as a career offender.

**AFFIRMED.**