[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13573
Non-Argument Calendar

_____

D.C. Docket No. 1:95-cr-00605-PAS-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN J. HARRIS,
a.k.a. Joe Brown,
a.k.a. Billy Harris,
a.k.a. Edwich Pierre,
a.k.a. Steven Goodman,
a.k.a. Shine Henderson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 15, 2018)

Before MARTIN, JILL PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Steven Harris is a federal prisoner serving a 360-month sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Harris, proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines.  After review, we affirm.

## I.  HARRIS'S 1996 SENTENCING

Harris and eight codefendants were members of a crack cocaine distribution organization that operated from 1988 to 1995.  During the conspiracy, the organization trafficked approximately two to five kilograms of cocaine on a weekly basis, and Harris was involved in the conspiracy from late 1991 until October 11, 1995.

At the July 1996 sentencing hearing, the district court applied the 1995 version of the Sentencing Guidelines and set Harris's base offense level at 38 (the highest available), pursuant to U.S.S.G. § 2D1.1(c), because Harris's offense involved "in excess of" 1.5 kilograms of cocaine base.  After a two-level increase, under § 2D1.1(b)(1), because of the presence of firearms during the commission of the offense, Harris's total offense level was 40.

Over Harris's objection, the district court found that Harris's prior convictions for aggravated battery on a police officer and attempted second degree murder were qualifying prior felony convictions and that Harris was a career

offender under § 4B1.1.  Although Harris was designated a career offender, his total offense level of 40 under § 2D1.1 was greater than the career-offender offense level of 37.  Thus, Harris's career offender status did not control his adjusted offense level.  Harris's criminal history category, however, was increased from a category III to a category VI due to his career offender designation.[1]

With a total offense level of 40 and a criminal history category of VI, Harris's guidelines range was 360 months' to life imprisonment.  The district court imposed a 360-month sentence back in 1996.  On direct appeal, this Court affirmed Harris's conviction and sentence.

## II.  HARRIS'S § 3582(c)(2) MOTION BASED ON AMENDMENT 782

On April 4, 2017, Harris filed this motion to reduce his sentence.  Harris has filed at least four prior § 3582(c)(2) motions based on Amendments 706, 750, and other grounds, which were denied.[2]  In this § 3582(c)(2) motion, Harris cites Amendment 782, which became effective on November 1, 2014.  See U.S.S.G.  app. C, amend. 782 (2014).

---

[1]Even without the U.S.S.G. § 2D1.1(c) drug guideline and total offense level of 40, Harris's career offender offense level of 37 and criminal history category of VI alone yielded a guideline range of 360 months' to life imprisonment.  See U.S.S.G. ch. 5, pt. A (Sentencing Table) (1995).

[2]This Court affirmed the denial of Harris's § 3582(c)(2) motion based on Amendment 706.  See United States v. Harris, 325 F. App'x 856 (11th Cir. 2009).  In doing so, this Court stated that "[t]he district court did not err when it determined that Harris had been sentenced as a career offender."  Id. at 858.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be consistent with the Sentencing Commission's policy statements.  Id.  The Guidelines commentary explains that a reduction under § 3582(c)(2) is not authorized where "an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . ."  U.S.S.G. § 1B1.10 cmt. n.1 (A) (2016).  Thus, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also United States v. Lawson, 686 F.3d 1317, 1320-21 (11th Cir. 2012); U.S.S.G. § 1B1.10(a)(2)(B) (2016).

Amendment 782 reduced by two levels the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c).  U.S.S.G. app. C, amend. 782 (2014).  The government does not dispute that after Amendment 782, Harris's base offense level under § 2D1.1(c)'s Drug Quantity Table would be 32, rather than the base offense level of 38 that the district court found at his 1996 sentencing.  Compare U.S.S.G. § 2D1.1(c)(1) (1995) (setting a base offense level

4

of 38 for offenses involving "1.5 [kilograms] or more" of cocaine base) with

U.S.S.G. § 2D1.1(c)(4) (2014) (setting a base offense level of 32 for offenses

involving at least 840 grams but less than 2.8 kilograms of cocaine base).

The problem for Harris, however, is that Amendment 782 did not affect his

guidelines range of 360 months to life imprisonment because the sentencing court

classified him as a career offender.  As a career offender, Harris's base offense

level of 37, pursuant to U.S.S.G. § 4B1.1, and criminal history category of VI

already yielded the same sentencing range of 360 months to life.  See U.S.S.G. ch.

5, pt. A (Sentencing Table) (1995).[3]  In short, because Amendment 782 reduced

Harris's base offense level, but did not alter the sentencing range upon which his

360-month sentence was based, the district court was not authorized to give him a

§ 3582(c)(2) sentence reduction.  See Moore, 541 F.3d at 1330; Lawson, 686 F.3d

at 1321; U.S.S.G. § 1B1.10(a)(2)(B) (2016).

To the extent Harris argues he should receive a sentence reduction because

he no longer qualifies as a career offender after Amendment 798, this argument is

also unavailing.  Amendment 798 changed the definition of "crime of violence" in

§ 4B1.2 by removing the residual clause.  See U.S.S.G. app. C, amend. 798 (2014).

Harris is still not eligible for a § 3582(c)(2) sentence reduction based on

---

[3]We note that this is true both under the November 1995 version of the Sentencing Guidelines applied at Harris's 1996 sentencing and the post-Amendment 782 version of the Sentencing Guidelines.  See U.S.S.G. § 4B1.1(A) (1994) (setting a base offense level of 37 if, as here, the offense statutory maximum sentence is life); U.S.S.G. § 4B1.1(b)(1) (2014) (same).

Amendment 798 because that amendment is not listed in U.S.S.G. § 1B1.10(d). See U.S.S.G. § 1B1.10(b)(1), (d) (2016) (limiting the district court's discretion to grant § 3582(c)(2) sentence reductions to amendments "listed in subsection (d)," which does not include Amendment 798).

Harris also argues that his career offender designation is no longer valid in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), and Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886 (2017), but this issue is outside the scope of a § 3582(c)(2) proceeding. See Dillon v. United States, 560 U.S. 817, 831, 130 S. Ct. 2683, 2694 (2010); United States v. Jackson, 613 F.3d 1305, 1310 (11th Cir. 2010). For completeness, however, we note that this Court has already denied Harris's applications to file a second or successive 28 U.S.C. § 2255 motion raising a Johnson challenge to his career offender status. In those earlier cases, we concluded, based on this Court's United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), and In re Griffin, 823 F.3d 1350 (11th Cir. 2015) (holding that Matchett applies to both advisory and mandatory guidelines), and later the Supreme Court's Beckles, that Johnson does not apply to the Sentencing Guidelines. See Harris v. United States, No. 17-14414 (11th Cir. Oct. 31, 2017); Harris v. United States, No. 16-14278 (11th Cir. July 27, 2016).

For these reasons, the district court correctly concluded that Harris was ineligible for a § 3582(c)(2) sentence reduction.

**AFFIRMED.**